# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUKE ALLEN MACKLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4002** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

---

| | |
|---|---|
| **LATONYA SHERELL ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3022** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

---

| | |
|---|---|
| **HAKIM DUMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4322** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

---

| | |
|---|---|
| **CODIE JAMES SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4578** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

---

1

**CHARLES D. STAPLETON**                    **CIVIL ACTION**

**VERSUS**                                  **NO. 17-4588**

**BP EXPLORATION &**                        **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**JAMES DEWAYNE LAWRENCE**                  **CIVIL ACTION**

**VERSUS**                                  **NO. 17-4654**

**BP EXPLORATION &**                        **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**ERIC BRADLEY**                            **CIVIL ACTION**

**VERSUS**                                  **NO. 17-4136**

**BP EXPLORATION &**                        **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**REGINA BROWN**                            **CIVIL ACTION**

**VERSUS**                                  **NO. 17-4142**

**BP EXPLORATION &**                        **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**KRYSTAL BARNES**                          **CIVIL ACTION**

**VERSUS**                                  **NO. 17-3629**

**BP EXPLORATION &**                        **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**TONNIE LEE EASTERLING**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 17-3913**

**BP EXPLORATION &**                         **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**JOHNNY ELZEY**                             **CIVIL ACTION**

**VERSUS**                                   **NO. 17-3985**

**BP EXPLORATION &**                         **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**DONNA BROWN**                              **CIVIL ACTION**

**VERSUS**                                   **NO. 17-4141**

**BP EXPLORATION &**                         **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**RICARDO WHITE**                            **CIVIL ACTION**

**VERSUS**                                   **NO. 17-4229**

**BP EXPLORATION &**                         **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**ANTHONY L. MOORE**                         **CIVIL ACTION**

**VERSUS**                                   **NO. 17-4453**

**BP EXPLORATION &**                         **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

_____

**LINDA PACE**                                    **CIVIL ACTION**

**VERSUS**                                        **NO. 17-4471**

**BP EXPLORATION &**                              **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**DON POOLE ET AL.**                             **CIVIL ACTION**

**VERSUS**                                        **NO. 17-4507**

**BP EXPLORATION &**                              **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**FRANK MICHAEL III**                            **CIVIL ACTION**

**VERSUS**                                        **NO. 17-4563**

**BP EXPLORATION &**                              **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**ARLENE HINTON**                                **CIVIL ACTION**

**VERSUS**                                        **NO. 17-4357**

**BP EXPLORATION &**                              **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**RAY SYLVESTER BROWN**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 17-3099**

**BP EXPLORATION &**                              **SECTION: "H"**
**PRODUCTION, INC. ET AL.**

**CHERYL LAKISHA FIELDER**                         **CIVIL ACTION**

**VERSUS**                                         **NO. 17-3193**

**BP EXPLORATION &**                               **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**AMANDA VICTORIA UPCHURCH**                       **CIVIL ACTION**

**VERSUS**                                         **NO. 17-3413**

**BP EXPLORATION &**                               **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**WILLIAM SHEPHARD FAST**                          **CIVIL ACTION**

**VERSUS**                                         **NO. 17-3989**

**BP EXPLORATION &**                               **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**RICHARD TERRELL MAGEE**                          **CIVIL ACTION**

**VERSUS**                                         **NO. 17-3549**

**BP EXPLORATION &**                               **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

**CHARLENE JONES**                                 **CIVIL ACTION**

**VERSUS**                                         **NO. 17-3312**

**BP EXPLORATION &**                               **SECTION: "H"**
**PRODUCTION, INC. ET AL.**
_____

| RODERICK CLIFTON BELTON | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-3480 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| WILLIAM ARTHUR BOWDEN, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-3506 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

## ORDER AND REASONS

Before the Court are nearly identical motions submitted in twenty-six different cases. Plaintiffs have filed Motions to Reconsider the Court's Orders Granting Defendants' Motions in Limine and Motions for Summary Judgment in each of their cases. For the following reasons, these Motions are **DENIED.**

## BACKGROUND

These twenty-six cases are among the "B3 bundle" of cases arising out of the _Deepwater Horizon_ oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[2] These cases were originally

_____

[1] _See In Re_: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).
[2] _Id._

part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] The above cases were reassigned to Section H.

Plaintiffs Eric Bradley; Latonya Sherell Anderson; Regina Brown; Duke Allen Mackles; Jamie Dewayne Lawrence; Charles D. Stapleton; Hakim Dumas; Codie James Scott; Krystal Barnes; Tonnie Lee Easterling; Johnny Elzey; Donna Brown; Ricardo White; Anthony L. Moore; Linda Pace; Don Poole; Frank Michael III;   Arlene Hinton; Ray Sylvester Brown; Cheryl Lakisha Fielder; Amanda Victoria Johnson Upchurch; William Shepard Fast; Richard Terrell Magee; Marvin Jones; Roderick Clifton Belton; and William Arthur Bowden, Jr. each filed lawsuits against Defendants based on their alleged exposure to toxic chemicals following the Deepwater Horizon oil spill in the Gulf of Mexico. Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions. Plaintiffs bring claims for general maritime negligence, negligence per se, and gross negligence against Defendants.

Now before the Court in each of the above-captioned cases are Plaintiffs' Motions for Reconsideration under Federal Rule of Civil Procedure 59(e).[5]

---

[3] *Id.* at 2 n.3.

[4] *Id.* at 7–8.

[5] Mackles v. BP Expl. & Prod., Inc., No. 17-4002, R. Doc. 76; Anderson v. BP Expl. & Prod., Inc., No. 17-3022, R. Doc. 80; Dumas v. BP Expl. & Prod., Inc., No. 17-4322, R. Doc. 66; Scott v. BP Expl. & Prod., Inc., No. 17-4578, R. Doc. 70; Stapleton v. BP Expl. & Prod., Inc., No. 17-

Plaintiffs argue that the Court's order granting the Defendants' Motion in Limine and Motion for Summary Judgment should be reconsidered because of BP's decision not to collect dermal and biometric data from cleanup workers. Defendants BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Transocean Holdings, LLC; Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; and Halliburton Energy Services, Inc. (collectively, the "BP parties") oppose.[6]

## LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[7] "Such a motion is not the proper vehicle for

---

4588, R. Doc. 68; Lawrence v. BP Expl. & Prod., Inc., No. 17-4654, R. Doc. 68; Bradley v. BP Expl. & Prod., Inc., No. 17-4136, R. Doc. 64; Brown v. BP Expl. & Prod., Inc., No. 17-4142, R. Doc. 60; Barnes v. BP Expl. & Prod., Inc., No. 17-3629, R. Docs. 81; Easterling v. BP Expl. & Prod., Inc. No., 17-3913, R. Doc. 79; Elzey v. BP Expl. & Prod., Inc., No. 17-3985, R. Doc. 76; Brown v. BP Expl. & Prod., Inc. No., 17-4141, R. Doc. 66; White v. BP Expl. & Prod., Inc. No., 17-4229, R. Doc. 62; Moore v. BP Expl. & Prod., Inc., No. 17-4453, R. Doc. 71; Pace v. BP Expl. & Prod., Inc., No. 17-4471, R. Doc. 68; Poole v. BP Expl. & Prod., Inc., No. 17-4507, R. Doc. 68; Michael v. BP Expl. & Prod., Inc., No. 17-4563, R. Doc. 68; Hinton v. BP Expl. & Prod., Inc., No. 17-4357, R. Doc. 73; Brown v. BP Expl. & Prod., Inc., No. 17-3099, R. Doc. 79; Fielder v. BP Expl. & Prod., Inc., No. 17-3193, R. Doc. 79; Upchurch v. BP Expl. & Prod., Inc., No. 17-3413, R. Doc. 80; Fast v. BP Expl. & Prod., Inc., No. 17-3989, R. Doc. 70; Magee v. BP Expl. & Prod., Inc., No. 17-3549, R. Doc. 75; Jones v. BP Expl. & Prod., Inc., No. 17-3312, R. Doc. 90; Belton v. BP Expl. & Prod., Inc., No. 17-3480, R. Doc. 79; Bowden v. BP Expl. & Prod., Inc., No. 17-3506, R. Doc. 77.

[6] Mackles, No. 17-4002, R. Doc. 78; Anderson, No. 17-3022, R. Doc. 83; Dumas, No. 17-4322, R. Doc. 68; Scott, No. 17-4578, R. Doc. 72; Stapleton, No. 17-4588, R. Doc. 70; Lawrence, No. 17-4654, R. Doc. 70; Bradley, No. 17-4136, R. Doc. 67; Brown, No. 17-4142, R. Doc. 62; Barnes, No. 17-3629, R. Doc. 82; Easterling, No. 17-3913, R. Doc. 81; Elzey, No. 17-3985, R. Doc. 78; Brown, No., 17-4141, R. Doc. 68; White, No., 17-4229, R. Doc. 64; Moore, No. 17-4453, R. Doc. 73; Pace, No. 17-4471, R. Doc. 70; Poole, No. 17-4507, R. Doc. 70; Michael, No. 17-4563, R. Doc. 70; Hinton, No. 17-4357, R. Doc. 75; Brown, No. 17-3099, R. Doc. 81; Fielder, No. 17-3193, R. Doc. 81; Upchurch, No. 17-3413, R. Doc. 82; Fast, No. 17-4471, R. Doc. 72; Magee, No. 17-3549, R. Doc. 77; Jones, No. 17-3312, R. Doc. 92; Belton, No. 17-3480, R. Doc. 81; Bowden, No. 17-3506, R. Doc. 79.

[7] Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[8] Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Rule does not, however, provide any standard for courts to use when determining when timely motions should be granted.[9] Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law."[10] Rule 59(e) relief represents "an extraordinary remedy that should be used sparingly."[11]

## LEGAL ANALYSIS

Plaintiffs move this Court for reconsideration under Rule 59(e) of its order excluding Dr. Cook's testimony and granting Defendants' motion for summary judgment. Plaintiffs state that the affidavit of Dr. Linda Birnbaum, the Director of the National Institute of Environmental Health Sciences ("NIEHS") creates an issue of fact "as to whether biomonitoring would have been required to adequately protect the workers from the known hazards of exposure to crude oil."[12] Defendants respond that Plaintiffs are rehashing

---

[8] Edionwe v. Bailey, 860 F.3d 287, 294 (5th Cir. 2017) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

[9] FED. R. CIV. P. 59.

[10] Fields v. Pool Offshore, Inc., No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

[11] *Id.*

[12] *Mackles*, No. 17-4002, R. Doc. 76; *Anderson*, No. 17-3022, R. Doc. 80; *Dumas*, No. 17-4322, R. Doc. 66; *Scott*., No. 17-4578, R. Doc. 70; *Stapleton*, No. 17-4588, R. Doc. 68; *Lawrence*, No. 17-4654, R Doc. 68; *Bradley*, No. 17-4136, R. Doc. 64; *Brown*, No. 17-4142, R. Doc. 60; *Barnes*, No. 17-3629, R. Doc. 81; *Easterling*, No. 17-3913, R. Doc. 79; *Elzey*, No. 17-3985, R. Doc. 76;

arguments irrelevant to this suit and that they present no arguments unique to their cases.

Plaintiffs do not identify which of the four Rule 59(e) criteria they believe are satisfied here. Plaintiffs' argument regarding Dr. Birnbaum's affidavit is irrelevant to the fact that Dr. Cook's opinion is unhelpful and unreliable. In its previous Orders, this Court, as well as others in this district, determined that Dr. Cook's expert report was inadmissible and these decisions did not depend on the dermal and biometric data that BP allegedly failed to collect. Specifically, another section of this Court has held that "Dr. Birnbaum's affidavit neither cures nor explains the deficiencies of [Dr.] Cook's report."[13] Dr. Birnbaum's affidavit "appears to conflate general causation with specific causation," as general causation requires "evidence demonstrating that the types of chemicals encountered by Plaintiff are actually capable of causing the injuries alleged by Plaintiff."[14] The Fifth Circuit requires admissible general causation expert testimony in toxic-tort cases, and Dr. Birnbaum's affidavit does not remedy this deficiency within Dr. Cook's expert report.[15]

---

*Brown*, No., 17-4141, R. Doc. 66; *White*, No., 17-4229, R. Doc. 62; *Moore*, No. 17-4453, R. Doc. 71; *Pace*, No. 17-4471, R. Doc. 68; *Poole*, No. 17-4507, R. Doc. 68; *Michael*, No. 17-4563, R. Doc. 68; *Hinton*, No. 17-4357, R. Doc. 73; *Brown*, No. 17-3099, R. Doc. 79; *Fielder*, No. 17-3193, R. Doc. 79; *Upchurch*, No. 17-3413, R. Doc. 80; *Fast*, No. 17-4471, R. Doc. 70; *Magee*, No. 17-3549, R. Doc. 75; *Jones*, No. 17-3312, R. Doc. 90; *Belton*, No. 17-3480, R. Doc. 79; *Bowden*, No. 17-3506, R. Doc. 77.

[13] Walker v. BP Expl. & Prod. Inc., No. CV 17-3012, 2022 WL 17987118 (E.D. La. Dec. 29, 2022); *See also* Kaoui v. BP Expl. & Prod., Inc., No. CV 17-3313, 2023 WL 330510, at *9 (E.D. La. Jan. 12, 2023) (holding that "the Court does not find that Dr. Birnbaum's affidavit corrects or explains the shortcomings of Dr. Cook's Report so as to render his opinions admissible").

[14] *Kaoui*, 2023 WL 330510, at *9.

[15] Campbell v. B.P. Expl. & Prod., Inc., No. CV 17-3119, 2022 WL 17251115, at *12 (E.D. La. Nov. 28, 2022) (Vance, J.) (stating that ""Dr. Cook's report is flawed in ways unrelated to BP's decision not to conduct monitoring.").

Considering the above, Plaintiff have not presented any justification for alteration or amendment pursuant to Rule 59(e). Moreover, this Court is not alone in this decision, as another court in this district has also denied reconsideration on the same grounds.[16]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Reconsideration are **DENIED**.

New Orleans, Louisiana this 22nd day of May, 2023.

_____
**JUDGE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

[16] Kaoui v. BP Expl. & Prod., Inc., No. CV 17-3313, 2023 WL 2403278, at *2 (E.D. La. Mar. 8, 2023) ("Plaintiff has failed to demonstrate that this Court should either alter or amend its prior Order in this case granting summary judgment in favor of Defendants."); Lenard v. BP Expl. & Prod., Inc., No. CV 17-3546, 2023 WL 2456079 (E.D. La. Mar. 10, 2023).